UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY VanNORTRICK,

                        Case No. 1:22-cv-1196

        Plaintiff,

                        Hon. Jane M. Beckering

v.

MELSSA J. RANSOM, RANDY L. LeVESPERE,
PAUL MARION TOCE, JR.,
TRACY FALGOOT, and JAMES LeBLANC.

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Roy Arlen VanNortrick.  For the reasons set forth below, this complaint should be dismissed.

### I.    Background

*Pro se* plaintiff is an inmate in the David Wade Correctional Center in Homer, Louisiana.  He has filed a complaint against: 28th Circuit Court Judge Melissa J. Ransom (Lake City, Michigan); the "Wexford Missaukee County Friend of the Court" (Cadillac, Michigan) ("FOC"); three employees at the Louisiana State Penitentiary in Angola, Louisiana (Dr. Randy L. Lavespere, Dr. Paul Marion Toce, Jr., and Assistant Warden Tracy Falgoot); and James LeBlanc identified as Secretary of the "Louisiana Department of Public Safety and Corrections." *See* Compl. (ECF No. 1).  Plaintiff also included a docket reference for: "United States District Court Middle District of Louisiana Docket #18:00534-JWD-EWD." *Id*. at PageID.2.

Plaintiff alleged nothing against the four Louisiana defendants.  With respect to the two Michigan defendants, plaintiff alleged that he received a letter from the Internal Revenue

Services stating that the "Missaukee County Friend of the Court has received your Income Tax Return plus the Interest on it." *Id*. at PageID.4. Plaintiff contends that this was "[t]he Stimulus checks that our President State was not to go for any back Bills or Debts because of Covid-19." *Id*. In August 2022, plaintiff sent a letter to the FOC asking why they took the money, stating that "[a]ll my other cases were closed out with no debt, but Missaukee County won't do same." *Id*. Plaintiff alleged that on September 3, 2022, "Judge Ransom made a court order that I had 21 days from the date of the order to reply on it," but did not put postage on the envelope until September 23rd and did not mail it out until September 24th. *Id*. Plaintiff included a copy of a "State Tax Refund Pre-Offset Notice" from the Missaukee County FOC dated September 3, 2022, and an envelope from the FOC in Cadillac which appears postmarked "24 Sep 2022." Letter and Envelope (ECF No. 1-1). The FOC's Notice referred to plaintiff's past-due support owed to the Missaukee County FOC in the amount of $16,749.00 and advised plaintiff that "[y]our name is being sent to the Michigan Department of Treasury for collection of past-due child support debt." *Id*. at PageID.9. Plaintiff alleged that September 24th "was the last day to [respond]" to the notice and that "[t]his is their way to keep my stimulus money." *Id*. at PageID.4. For his relief, plaintiff states, "my wishes are to have the case in Missaukee County closed and all my money sent back to me." *Id*. at PageID.5.

## II.    Lack of jurisdiction

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited,"

*Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction"). Finally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Plaintiff has two potential sources of jurisdiction, federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. The Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*. Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff's complaint consists of a conclusory claim that the Wexford Missaukee FOC improperly used his Covid-19 stimulus check to pay his child support debt.  Plaintiff states no basis for federal jurisdiction of his claims against any of the defendants.  With respect to the "order" in support of his claim, plaintiff is referring to the September 3rd FOC *notice*, not an order entered by Judge Ransom.  Plaintiff does not cite any basis for his claim under federal or state law. Rather, plaintiff wants this Court to grant his wish and close the Missaukee County support case in which he owes over $16,000.00 and have "all my money sent back to me."  Plaintiff's complaint is so deficient that this Court should *sua sponte* dismiss it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff's allegations are attenuated, unsubstantial, frivolous and devoid of merit.  *See Apple*, 183 F.3d at 479.

### III.    Failure to state a claim

Furthermore, plaintiff has failed to state a claim for relief.  The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915.  *See* Order (ECF No. 7).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Plaintiff has failed to allege a claim for relief that is plausible on its face.  As discussed, plaintiff's complaint consists of a conclusory claim that the Wexford Missaukee FOC improperly used his Covid-19 stimulus check to pay part of the $16,749.00 of child support debt he owes.  Plaintiff alleged nothing against the four Louisiana defendants.  His only allegation against Judge Ransom is that she entered an "order" which in fact appears to the FOC's pre-offset notice.  Plaintiff has alleged no facts to support a claim that the FOC improperly intercepted his COVID-19 stimulus payment.  The only allegation is that the Internal Revenue Service advised plaintiff that the FOC received his "Income Tax Return plus the Interest on it."  Finally, plaintiff has alleged no basis for this Court to close a state court case involving over $16,000.00 of unpaid support or for the FOC to return all of his money.  In summary, plaintiff's complaint consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which

is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.  For these reasons, plaintiff's

complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

### IV.    RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.


Dated:  March 20, 2023                          /s/ Ray Kent
                                                RAY KENT
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] The Court notes that 28 U.S.C. § 1915(e)(B)(iii) provides for the dismissal of an action which "seeks monetary relief
against a defendant who is immune from such relief."  As a general rule, a judge (such as defendant Ransom) is
absolutely immune from a suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general
principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the
authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences
to himself.") (internal quotation marks omitted).  However, § 1915(e)(B)(iii) does not apply in this case, because
plaintiff does not seek monetary relief against the judge.